UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------------

DENNIS HUNKLER,

       Petitioner,

vs.

UNITED STATES OF AMERICA, et al.,

       Respondents.

CASE NO. 1:13-CV-0157

OPINION & ORDER
[Resolving Doc. No. 1]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 22, 2013, *pro se* Petitioner Dennis J. Hunkler filed the above-captioned Petition to Quash I.R.S. Summons.(Doc. No. 1). Mr. Hunkler seeks an order from this Court quashing a third-party summons issued by the Commissioner of Internal Revenue on January 2, 2013. For the reasons set forth below, the Petition is denied.

**I. Background**

I.R.S. Agent Timothy O'Boyle issued a summons on January 2, 2013 to Citizens National Bank, P.O. Box 88, Bluffton, Ohio 45817. (Pet.'s Ex. A.) The Summons required Citizens Bank to appear before Agent O'Boyle, or his designee: "to give testimony and to bring with you and to produce for examination the following books, records, papers and other data relating to the tax liability . . . concerning . . . Dennis J. Hunkler . . .". *Id.* Citizens Bank was scheduled to comply with

-1-

Case No. 1:13-CV-0157
Gwin, J.

the I.R.S. summons on or about February 1, 2013. Mr. Hunkler does not aver on what date he received a copy of the summons.

Mr. Hunkler now seeks to quash the summons, arguing that: (1) the I.R.S. failed to timely notify him of the summons in violation of 26 U.S.C. §7609(a)(1); (2) the I.R.S. failed to provide advance notice that contact would be made with third parties; (3) the summons was issued while a referral for criminal prosecution was pending in violation of 26 U.S.C. §7602(d)(2)(A); (4) the I.R.S. failed to act in good faith as set forth in *United States v. Powell*, 379 U.S. 48 (1964); and, (5) the I.R.S. will violate banking laws as well as his right to privacy if the summoned records are revealed. Mr. Hunkler seeks $1,000.00 for each violation of State and Federal privacy laws and asks this Court to order the I.R.S. to turn over to him any third party summons and request for documents, as well as records seized as a result of the summons.

## II. Internal Revenue Service
## Third Party Review

The I.R.S. is authorized, by statute, to examine any relevant documentation and summon any person in possession of any relevant information or documentation when conducting a tax investigation. *See* 26 U.S.C. § 7602(a). To achieve its goal, the I.R.S. may serve a summons upon a third-party record keeper, such as a bank or other financial institution, in order to obtain financial records or information regarding a person who is the subject of an investigation by the I.R.S. *See* 26 U.S.C. § 7609(a).

There is no dispute Mr. Hunkler is the subject of an I.R.S. investigation. Thus, when the I.R.S. served a summons on a third-party record keeper, he was entitled to notice that a summons

-2-

Case No. 1:13-CV-0157
Gwin, J.

had been served. *Id.*; *Clay v. United States*, 199 F.3d 876, 878 (6th Cir.1999). Pursuant to 26 U.S.C. § 7609(a)(1), a copy of the summons served on Citizens Bank was also provided to Mr. Hunkler. After receiving the summons, Mr. Hunkler was entitled to file a petition to quash the summons within twenty days from the date the summons was mailed. *See Shisler v. United States*, 199 F.3d 848, 850 (6th Cir.1999); *see also* 26 U.S.C. § 7609(b)(2)(A).

"The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine" a petition to quash a summons issued by the I.R.S. to a third-party record keeper. 26 U.S.C. § 7609(h)(1). The summoned party, Citizens Bank, is located in Bluffton, Ohio 45817.[1] Because this address is well within the jurisdiction of the Northern District Court of Ohio, this Court has jurisdiction to address Mr. Hunkler's petition to quash the summons. *Id*.

### III. I.R.S. Notice

As the person (other than the person summoned) identified in the notice of the summons, Mr. Hunkler was entitled to notice "within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined." 26 U.S.C. §7609(a)(1). Notice is considered sufficient if

> on or before such third day, such notice is served in
> the manner provided in section 7603 (relating to

---

[1] In his petition, Mr. Hunkler provides an address for Citizens Bank in Woodsfield, Ohio 43713, which is within the United States District Court for the Southern District of Ohio's jurisdiction. The I.R.S. summons, however, identifies a Bluffton, Ohio address for Citizens Bank. Because the summons is the centerpiece of Mr. Hunkler's petition, the Court will rely on the address provided on that document.

-3-

Case No. 1:13-CV-0157
Gwin, J.

> service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice. . .

26 U.S.C. §7609(a)(2). Therefore, the I.R.S. was required to mail Mr. Hunkler a copy of the summons it served on Citizens Bank, within three days of the January 2, 2013 date it mailed the original summons, or 23 days before the February 1, 2013 date the records were scheduled for examination. Thus, the latest date on which I.R.S. notice should have been provided to Mr. Hunkler was by January 9, 2013.

Mr. Hunkler does not provide any sworn statement declaring when he received notice from the I.R.S. Instead, he simply states the I.R.S. failed to provide timely notice. Without even disclosing the date on which he received notice, Mr. Hunkler cannot argue the I.R.S. did not meet its obligation to provide timely notice.

### IV. Timeliness - Petition to Quash

A taxpayer's motion to quash an I.R.S. third-party record-keeper summons must be filed within twenty days from the date the notice of the summons, and the right to file a petition to quash, is mailed to the taxpayer by the I.R.S. *See* 26 U.S.C. § 7609(b)(2)(A). This twenty-day limit must be strictly construed because it is a condition precedent to the United States' waiver of sovereign immunity. *Shisler v. United States*, 199 F.3d 848, 852 (6th Cir. 1999); *Clay v. United States*, 199 F.3d 876 (6th Cir.1999). Although Mr. Hunkler claims he failed to file his petition on time because the I.R.S. failed to provide timely notice, he misstates the record. When the petition to quash was filed

-4-

Case No. 1:13-CV-0157
Gwin, J.

on January 22, 2013, it was within the twenty-day period required to secure this Court's jurisdiction. Therefore, Mr. Hunkler complied with the twenty-day filing requirement set forth in section 7609(b)(2)(A).

### V. Improper/Untimely Service

Although the Petition to Quash was timely filed, this Court still lacks subject matter jurisdiction as to this summons because Mr. Hunkler has not strictly complied with 26 U.S.C. §7609(b)(2)(B). Section 7609 of the Code contains special procedures for third-party summons. 26 U.S.C. § 7609. Where a party exercises his right to intervene or bring proceedings to quash a third party summons, the statute mandates that "[n]otice shall be given to any persons identified" in the summons. 26 U.S.C. § 7609(a)(1)(B). Notice is deemed sufficient if it is "'mailed by certified or registered mail to the last known address of such person' who is entitled notice." *Cook v. United States*, 104 F.3d 886, 888 (6th Cir.1997)(quoting 26 U.S.C. § 7609 (a) (2)).

The challenged summons was served by United States mail upon Citizens Bank on January 2, 2013. Therefore, Mr. Hunkler was required not only to file his Petition before this Court on or before January 22, 2013, but also to serve a copy of the Petition upon the person summoned (i.e. Citizens Bank) and "the I.R.S. employee and office designated in the notice of summons to receive the copy" (here, presumably Mr. O'Boyle at the I.R.S.) on or before January 22, 2013. *Faber v. United States,* 921 F.2d 1118, 1119 (10th Cir.1990)(for purposes of 26 U.S.C. 7609(b)(2), notice is given on the date it is mailed); *see also* 26 C.F.R. § 301.7609–4(b)(2).

Mr. Hunkler avers he served the Petition upon Mr. O'Boyle on February 1, 2013, ten days beyond the required time limitation. Moreover, he provides no evidence that he served Citizens

Case No. 1:13-CV-0157
Gwin, J.

Bank at all. Thus, he failed to provide Citizens Bank any notice, by certified or registered mail, of his Petition to Quash. "The failure to comply strictly with § 7609(b)(2)(B) results in a finding ... that the [United States has] not waived [its] sovereign immunity and that the petition to quash those summonses must be dismissed." *Maikronz v. United States*, 612 F .Supp. 590, 591 (S.D. Ind.1985); *see Gaumer v. United States*, 685 F. Supp. 167 (N.D. Ohio 1988)(Party who had initiated proceeding to quash I.R.S. summons required to send copy of petition proper I.R.S. agent, or persons summoned, within 20 days of notice of summons; failure to do so required conclusion that United States had not waived its sovereign immunity). Because Mr. Hunkler failed to comply with the statutory notice requirements, this Court lacks subject matter jurisdiction to hear this action. *See id.*

## VI. Conclusion and Order

For the reasons set forth above, the Petition to Quash Third Party Summons (Doc. No. 1) is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: February 15, 2013          *s/     James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE