UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

DENNIS HUNKLER,

       Petitioner,

vs.

UNITED STATES OF AMERICA, et al.,

       Respondents.

CASE NO. 1:13-CV-0157

ORDER
[Resolving Doc. No. 5]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is *pro se* Petitioner Dennis J. Hunkler's Motion to Alter or Amend the Court's Opinion & Order (Doc. No. 5) of February 15, 2013. (Doc. No. 3). On that date, the Court dismissed Mr. Hunkler's Petition to Quash based on a lack of jurisdiction. The Petition, as filed, failed to comply with the jurisdictional notice requirements set forth in 26 U.S.C. § 7609(b)(2)(B). *See* 26 C.F.R. § 301.7609-3.[1] Mr. Hunkler now maintains that he did comply with the jurisdictional notice requirement and furnishes documentary evidence to support his claim.

      Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *See*

---

[1] The regulation explains: "The act of filing a petition in district court does not in and of itself institute a proceeding to quash under section 7609(b)(2). Rather, the filing of the petition must be coupled with notice as required by section 7609(b)(2)(B)."

Case No. 1:13-CV-0157
Gwin, J.

*GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted). Mr. Hunkler does not explicitly seek relief based on an error of law, newly discovered evidence, or a change in controlling law. Thus, the Court presumes he seeks relief to prevent manifest injustice.

In support of his Motion, Mr. Hunkler attaches a photocopy of two separate United States Postal Service Return Receipt cards addressed to Citizens National Bank and I.R.S. Agent Timothy O'Boyle. Both cards indicate an article was delivered to each party on January 19, 2013 and January 22, 2013, respectively. Mr. Hunkler states that the cards were returned to him as proof that the parties received notice that he filed a Petition to Quash in this court. These facts were neither shared nor were copies furnished to the Court at the time Mr. Hunkler filed his Petition to Quash. The United States agrees that the Petition omitted these relevant facts, but now confirms that the I.R.S. agent did receive timely notice of Mr. Hunkler's Petition to Quash on January 22, 2013. Moreover, the United States does not object to Mr. Hunkler's belated notice that Citizens Bank and the I.R.S. were, in fact, timely served notice.

Based on the foregoing, the Court finds Mr. Hunkler timely served notice "to the person summoned [Citizens National] and to such office as the Secretary may direct in the notice referred to in subsection (a)(1)[I.R.S. Agent O'Boyle]." 26 U.S.C. §7609(b)(2)(B); *see Bell v. United States*, 521 F. Supp. 2d 456, 458 (D. Md. 2007) *aff'd*, 275 F. App'x 221 (4th Cir. 2008)(Court lacks subject matter jurisdiction over the petition where movant failed to mail copy of Petition to bank); *see, e.g.*, *Dorsey v. United States*, 618 F.Supp. 471, 474 (D. Md.1985); *Yocum v. United States*, 586 F.Supp. 317, 318–19 (D.C.Ind.1984); *Fogelson v. United States*, 579 F.Supp. 573, 574 (D.Kan.1983). In the

Case No. 1:13-CV-0157
Gwin, J.

interest of justice, good cause exists to amend the Court's judgment of February 15, 2013.

Accordingly, the Motion to Alter or Amend is granted (Doc. No. 5) and the case is hereby **reopened**. The United States is ordered to respond to the Petition to Quash within 60 days from the date this Order is issued. *See* FED. CIV. R. 12(a)(2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated: April 8, 2013           *s/      James S. Gwin*
                               JAMES S. GWIN
                               UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."